IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER LOREN JONES,     :
    Plaintiff,                   :
                                   :
    v.                         :          CIVIL ACTION NO. 23-CV-4861
                                   :
CITY OF PHILADELPHIA,       :
    Defendant.               :

## MEMORANDUM

**HODGE, J.**                                                        **FEBRUARY  16, 2024**

*Pro Se* Plaintiff Christopher Loren Jones alleges claims against the City of Philadelphia after his car was impounded and auctioned due to unpaid traffic fines and towing fees.  Jones seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Jones will be given an opportunity to file an amended complaint.

## I.     FACTUAL ALLEGATIONS

Jones alleges that on November 1, 2023, his 2019 Land Rover Range Rover was impounded by the Philadelphia Parking Authority ("PPA"), which is "an entity operating under [the City of Philadelphia's] authority."  (Compl. at 2.)[1]  Jones's vehicle was impounded because he failed to pay traffic citations totaling $2,410.55.  (*Id*.)  He states that the vehicle was towed only four hours after a "boot" was placed on the tires, which prevented Jones from arranging with PPA to have the boot removed before the vehicle was towed.  (*Id*. at 3.)  Jones further alleges that he tried to negotiate with PPA, but his attempts were "refused."  (*Id*. at 2.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Specifically, he offered $1,000 and to be placed on a payment plan for the remaining balance "to prevent the sale of the vehicle," but the PPA instead "demanded 50% of the total amount due ($3,412.56)," without considering Jones's ability to pay.  (*Id*.)  Jones's vehicle was auctioned off on November 30, 2023.  (*Id*.)  Prior to the auction, Jones had sent "various correspondence" to the City of Philadelphia, including cease and desist letters, but the City failed to respond.  (*Id*. at 3.)

Based on these allegations, Jones asserts due process claims and "equitable claims."  (*Id*. at 1, 3.)  He seeks money damages totaling the value of his vehicle less the fines and fees he incurred.  (*Id*. at 3.)[2]

## II.     STANDARD OF REVIEW

The Court grants Jones leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this

---

[2] This is not the first time Jones has raised claims relating to the impoundment of his 2019 Land Rover Range Rover.  In a separate lawsuit, Jones brought claims against the PPA and the City of Philadelphia Parking Violations Branch.  *See Jones v. Philadelphia Parking Auth*., No. 23-4343, 2023 WL 8258793, at *1 (E.D. Pa. Nov. 28, 2023).  Although Jones did not assert due process claims in that case, his other constitutional and statutory claims were dismissed with prejudice.  *See id*. at 6.  After dismissing his claims on substantive grounds, the Court noted that "Jones cannot base his claims on the contention that his American National status permits him to violate traffic and parking laws." *Jones*, 2023 WL 8258793, at *4 (citing *Sorrells v. Philadelphia Police Dep't,* 652 F. App'x 81, 83 (3d Cir. 2016)).

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Jones is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The Court understands Jones to assert procedural due process claims under the Fourteenth Amendment in relation to the impoundment and auction of his 2019 Land Rover. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Jones names only one Defendant in this case – the City of Philadelphia.  To plead a basis for municipal liability against a city or other municipality under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978).  "To satisfy the pleading standard,

[the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

It is not enough, however, to allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id*. (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id*. (quoting *Bielevicz*, 915 F.2d at 850). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [the plaintiffs'] injury." *Id.* (internal quotations and alterations omitted). In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker." *McTernan*, 564 F.3d at 658; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1191 (3d Cir. 1995) (to establish municipal liability, the plaintiffs "must show that a policymaker for the Township authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence").

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to

4

deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d

93, 106 (3d Cir. 2019).  "This consists of a showing as to whether (1) municipal policymakers

know that employees will confront a particular situation, (2) the situation involves a difficult

choice or a history of employees mishandling, and (3) the wrong choice by an employee will

frequently cause deprivation of constitutional rights." *Id.*  "Ordinarily, this requires a plaintiff to

identify a pattern of similar constitutional violations by untrained employees that puts municipal

decisionmakers on notice that a new program is necessary." *Johnson v. City of Philadelphia*,

975 F.3d 394, 403 (3d Cir. 2020) (internal quotations omitted).  "Otherwise, the plaintiff needs to

show that failure to provide the identified training would likely result in the violation of

constitutional rights — *i.e.*, to show that the need for more or different training was so obvious."

*Id.* (internal quotations and alterations omitted).

      Jones does not identify any City of Philadelphia policy or custom that caused the alleged

due process violations.  Nor does he describe a pattern of constitutional violations or an obvious

need for training or supervision that supports a plausible inference that the City of Philadelphia

violated his due process rights.  Jones's conclusory allegations that the City of Philadelphia

violated his due process rights is not sufficient.  *See, e.g.*, *Phillips v. Northampton Co., P.A.*, 687

F. App'x 129, 132 (3d Cir. 2017) (affirming dismissal of *Monell* claims where the complaint

contained "wholly conclusory and highly generalized assertions about unspecified patterns of

misconduct" based on "no facts to support the existence of any policy, custom, or practice

beyond those involving [the plaintiff's] own [experiences]"); *Sorrells*, 652 F. App'x at 83

(affirming dismissal of claims based on confiscation of automobile by PPA and noting that "even

construing [the plaintiff's] complaint as against the City of Philadelphia, Sorrells did not plead

that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires").

In addition, Jones's claims against the City of Philadelphia also fail because Jones has not adequately pled an underlying constitutional violation. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.") (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if a municipal employee "inflicted no constitutional injury . . ., it is inconceivable that [the municipality] could be liable")). The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *King v. City of Philadelphia*, 654 F. App'x 107, 111 (3d Cir. 2016) (*per curiam*) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up); *see also Kadakia v. Rutgers*, 633 F. App'x 83, 88 (3d Cir. 2015) ("The essence of a procedural due process claim, of course, is notice and an opportunity to be heard.").

Jones does not allege any facts about whether he was provided any process (i.e., notice or a hearing) prior to the impoundment and sale of his vehicle. *See Tate v. D.C.*, 627 F.3d 904, 908-09 (D.C. Cir. 2010) (concluding that because plaintiff had notice of parking tickets and "hearings to contest them," her due process rights were not violated even if her car was

"prematurely" sold at auction); *Jones v. Philadelphia Parking Auth.*, No. 11-4699, 2013 WL 12156078, at \*1 (E.D. Pa. Mar. 27, 2013) ("To the extent that Mr. Jones is bringing a due process claim, his complaint fails to allege that he did not receive 'timely notice and a hearing regarding these seizures and sales.'"). Instead, Jones alleges in conclusory fashion that he was denied due process because his vehicle was impounded and sold and because PPA refused his negotiations and quickly towed his car. This is not sufficient. *See Tate*, 627 F.3d at 909; *King*, 654 F. App'x at 111 (concluding that the City of Philadelphia's procedures for parking ticket enforcement and adjudication, "which provides ample notice and multiple opportunities for both administrative agency and state court review of disputed parking violations[,] satisfy the requirements of due process"). Finally, to the extent that Jones bases any due process claim on his allegation that the City of Philadelphia violated provisions of its traffic code, specifically § 12-2806, such a claim would fail because "violations of state or municipal law do not, standing alone, necessarily state constitutional claims under 42 U.S.C. § 1983." *Id.* Accordingly, Jones's due process claims will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Jones leave to file an amended complaint in the event he can cure the defects the Court has identified in his claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____

KELLEY BRISBON HODGE, J.